# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:08-CR-93-TLS |
| | ) | |
| ZACHARY CREBB | ) | |

## OPINION & ORDER

Two years ago, on February 26, 2010, this Court sentenced Defendant Zachary Crebb to thirty-seven months of imprisonment for distribution of a controlled substance and sixty months of imprisonment for possessing a firearm in furtherance of a drug trafficking crime. The sixty-month term was imposed to run consecutive to the drug offense. This matter is before the Court on Defendant Zachary Crebb's Motion to Correct Jail Time Credit [ECF No. 42], filed on February 23, 2012. The Defendant states that his Motion is pursuant to "issues raised at sentencing regarding jail time credit reports." (Motion 1.) Specifically, he stated that although he was incarcerated since November 10, 2008, and remained incarcerated throughout the pendency of his federal offense, his jail time did not start pursuant to federal Bureau of Prison (BOP) calculations until August 12, 2009. He submits that "it was a scriveners error in language used at sentencing in requesting that the time imposed herein be run consecutive with time imposed in an unrelated state probation revocation proceeding." (Motion ¶ 3.) He requests that the Court assess additional jail time credit or order that the federal sentence be served concurrent to the sentence in State of Indiana v. Zacharacy Crebb, 02D04-0811-FB-195.

The Defendant's Motion does not invoke any particular rule or statute. This Court has limited authority to modify a defendant's sentence. *See* 18 U.S.C. § 3582(c) ("The court may not modify a term of imprisonment once it has been imposed except" upon motion of the Director of

the BOP where certain factors are present, "to the extent otherwise expressly permitted by statute or by Rule 35," or in accordance with a sentencing range that has subsequently been lowered by the Sentencing Commission). The Director of the BOP has not filed a motion with this Court and the Defendant's term of imprisonment was not based on a sentencing range that has been lowered. Rule 35(a) permits correction of a sentence that "resulted from arithmetical, technical, or other clear error" if the district court acts "[w]ithin 14 days after sentencing." Rule 35 also allows a court to reduce a sentence to reward post-sentencing substantial assistance to the prosecution in investigating or prosecuting another person. Fed. R. Crim. P. 35(b). The Defendant's Motion could not, and does not purport to, invoke Rule 35 as a basis for the requested relief.

The Defendant may have intended to invoke 18 U.S.C. § 3585(b), as it is the statute that governs application of jail time credit. However, the execution of sentences and the computation of jail time is an administrative function under the authority of the Office of the Attorney General, which has delegated this task to the BOP. *See United States v. Wilson*, 503 U.S. 329, 334 (1992). This delegation of tasks includes responsibility for computing jail time credits and determining a sentence termination date once the defendant actually commences serving his sentence. *Wilson*, 503 U.S. at 335. Requests for credit for time served must be made initially through the BOP administrative channels, which are governed by federal regulation. *United States v. Koller*, 956 F.2d 1408, 1417 (7th Cir. 1992); *see also* 28 C.F.R. § 542.10 ("The purpose of the Administrative Remedy Program is to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement."). Prisoners may then seek judicial review of the BOP computation in a district court pursuant to 28 U.S.C. § 2241. *Id.*; *see also Romandine v.*

*United States*, 206 F.3d 731, 736 (7th Cir. 2000) (holding that "requests for sentence credit, or for recalculation of time yet to serve . . . must be presented to the Attorney General (or her delegate, the Bureau of Prisons), and adverse decisions may be reviewed by an action under 28 U.S.C. § 2241, or perhaps a suit under the Administrative Procedure Act (to the extent 18 U.S.C. § 3625 permits)").

Even if the Defendant had exhausted the proper administrative remedies before coming to this Court, a habeas petition brought pursuant to 28 U.S.C. § 2241 is a civil matter. The Defendant has not filed a civil case, but a motion within in his criminal case—one that fails to identify any legal mechanism for the requested relief.

## CONCLUSION & ORDER

The Court has no authority to consider the merits of the Defendant's Motion and thus DISMISSES the Defendant's Motion to Correct Jail Time Credit [ECF No. 42].

SO ORDERED on February 28, 2012.

                                                 s/ Theresa L. Springmann  
                                                 THERESA L. SPRINGMANN  
                                                 UNITED STATES DISTRICT COURT